# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44790

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 560 |
| | ) |
| Plaintiff-Respondent, | ) Filed: August 29, 2017 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| SHARON BERNAL VALADEZ, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Judgment of conviction and order denying Idaho Criminal Rule 35 motion, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Sharon Bernal Valadez pleaded guilty to trafficking in heroin, Idaho Code § 37-2732(c)(1). Through counsel, Valadez requested a unified five-year sentence, with three years determinate. The district court imposed a unified five-year sentence, with three years determinate. Valadez filed an Idaho Criminal Rule 35 motion, which the district court denied. Valadez appeals.

Mindful that Valadez received the sentence she asked for, she asserts that the district court erred in imposing an excessive sentence and denying her I.C.R. 35 motion. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App.

1

1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Valdez received the sentence she requested, she may not complain that the district court abused its discretion. Therefore, Valadez's judgment of conviction and sentence, and the district court's order denying Valadez's I.C.R. 35 motion, are affirmed.